ROY WARD v. THE STATE.

No. 5028. Decided June 5, 1918.

**1.—Murder—Sufficiency of the Evidence.**

Where, upon trial of murder, the evidence was sufficient to sustain the conviction, there was no reversible error.

**2.—Same—Self-defense—Defense of Another.**

Where, upon trial of murder, defendant claimed self-defense and defense of another, but the circumstances attending the homicide authorized the jury in finding the defendant was not acting in self-defense, or in defense of another, the conviction is sustained.

Appeal from the District Court of Bastrop. Tried below before the Hon. R. J. Alexander.

Appeal from a conviction of murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*C. W. Webb,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was convicted of the murder of Noah Bacon and his punishment fixed at five years confinement in the penitentiary.

Neither the charge nor the rulings of the trial court in the conduct of the trial are complained of. The sufficiency of the evidence alone is assailed and this on the proposition that appellant's testimony showed a case of self-defense not overcome by the other evidence developed upon the trial.

The homicide took place at a gathering denominated a supper. On the afternoon preceding this gathering appellant claims and testified that he and one Smith were riding to town in a buggy and overtook deceased, who insisted over their objection in riding in the buggy, and that his conduct resulted in a difficulty with Smith in which deceased wounded Smith with a knife, and afterwards chased him with rocks and ordered appellant to permit him to ride in the buggy to town, which was done. They next met at the gathering, the deceased arriving while appellant and his brother Edwin Ward were together. The deceased approached and claimed that appellant had mistreated him in failing to bring him to the supper, and said to appellant's brother, "Edwin, didn't he mistreat me?" to which Edwin replied that he knew nothing about it, when deceased called him a damn fool. Edwin told him not to curse him, that he did not want any fuss with him, whereupon, according to appellant's testimony, deceased attacked him with an opened knife in his hand. Appellant, retreating, told deceased to stop, and upon his failing to do so, appellant, having backed to the wall, shot deceased. When the first shot was fired the light was extinguished, and he fired a second time, not knowing whether the first shot had taken effect or not. Deceased had the reputation of being a dangerous man, and appellant said that he fired because of fear deceased would kill him with the knife. Deceased was shot twice in the breast with a 45-caliber pistol. Edwin Ward, brother of appellant, described the occurrence as follows: "When deceased walked up he said to appellant, 'You mistreated me; I was aiming to come out with you to the supper.' Appellant replied, 'I was not aiming to come with you.'" Deceased then said to witness, "Didn't he mistreat me?" Witness replied no, he did not have anything to do with it, and deceased said, "God damn you, why don't you?" Witness told deceased not to curse him, and appellant said, "Don't curse." De-

ceased then cursed appellant and started at him with a knife. Appellant told him to stop, and when deceased failed to do so fired at him. The State's witness·Vincent testified that he went into the room where Edwin Ward and deceased were fussing and told them to stop, pushed them apart, and deceased pushed witness back; that Edwin Ward did nothing, but said, "You son-of-a-bitch, I am not scared of you," and deceased replied, "No, you God damned son-of-a-bitch, I am not scared of you," and about that time the gun fired, the witness thought over his shoulder. It burned his face. He declared that prior to the shot deceased made no demonstration to draw a pistol, and went out in the yard and fell. Deceased made a res gestae statement to the effect that Edwin Ward shot him. The State controverted the possession or exhibition of a knife by deceased. None was seen by State's witnesses nor found at the scene of the homicide.

Without review of the evidence in detail it is sufficient to justify the inference by the jury that appellant, after the occurrence in the buggy in which the difficulty between Smith and deceased took place, and after deceased had made appellant bring him to town in the buggy, expecting deceased would appear at the gathering, attended it armed with a pistol. And it appears on their meeting a quarrel ensued, participated in by appellant, his brother and deceased, in which appellant shot deceased and killed him, he claiming at the time the shots were fired deceased was attacking him armed with a knife. There is a direct conflict between the theory and testimony of appellant as to what occurred at the time of the homicide and that developed by the State's witnesses, the State's theory being that appellant shot the deceased while he was engaged in a quarrel with Edwin Ward; that deceased was making no assault or threatened assault upon appellant and was not aware of the fact that appellant shot him, but believed that Edwin Ward shot him. In fact, the State's eyewitnesses were not able to say that appellant fired the shot. Vincent claimed the shots were fired over his shoulder and burned his face, and that Edwin Ward did not shoot them. The officers in their search for Edwin Ward found appellant, who admitted that he had killed deceased, and exhibited and delivered to them a pistol. If the theory is presented that appellant shot in defense of his brother Edwin, there would still be an issue of fact, especially in view of the fact that from the State's witnesses it appears that before the shooting took place Edwin Ward called the deceased a son-of-a-bitch. The circumstances attending the homicide, in our opinion, present an issue of fact from which the jury was authorized to determine that appellant was not acting in self-defense in shooting deceased.

The judgment of the lower court is affirmed.

*Affirmed.*